Eastern District of Kentucky
FILED
DEC 16 2022
AT LONDON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

UNITED STATES OF AMERICA

V.  INDICTMENT NO. 6:22-cr-075-CHB

BRADLEY JUSTIN LAWSON,
AMY ELIZABETH JOHNSON,
MICHAEL ANDREW NAKONECHNY and
JESSE WAYNE TAYLOR

\* \* \* \* \*

THE GRAND JURY CHARGES:

## COUNT 1
### 21 U.S.C. § 846

On or about a date in July of 2022, the exact date unknown, and continuing through on or about September 15, 2022, in Laurel County and Whitley County, in the Eastern District of Kentucky, and elsewhere,

BRADLEY JUSTIN LAWSON,
AMY ELIZABETH JOHNSON,
MICHAEL ANDREW NAKONECHNY and
JESSE WAYNE TAYLOR

did conspire with each other and others to knowingly and intentionally distribute 500 grams or more of a mixture or substance containing a detectible amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §841(a)(1), all in violation of 21 U.S.C. § 846.

Before **BRADLEY JUSTIN LAWSON** committed the offense charged in this

count, **BRADLEY JUSTIN LAWSON** had a final conviction for a serious drug felony, namely, a conviction under 21 U.S.C. § 846, conspiracy to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

Before **AMY ELIZABETH JOHNSON** committed the offense charged in this count, **AMY ELIZABETH JOHNSON** had a final conviction for a serious drug felony, namely, a conviction under 21 U.S.C. § 846, conspiracy to manufacture a mixture or substance containing a detectable amount of methamphetamine, for which she served more than 12 months of imprisonment and for which she was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

Before **MICHAEL ANDREW NAKONECHNY** committed the offense charged in this count, **MICHAEL ANDREW NAKONECHNY** had a final conviction for a serious drug felony, namely, a conviction under Kentucky Revised Statute § 218A.1432, manufacturing methamphetamine, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

<u>**COUNT 2**</u>
21 U.S.C. § 841(a)(1)
18 U.S.C. § 2

On or about September 15, 2022, in Laurel County, in the Eastern District of Kentucky,

**BRADLEY JUSTIN LAWSON and
AMY ELIZABETH JOHNSON,**

aided and abetted by each other, did knowingly and intentionally possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

Before **BRADLEY JUSTIN LAWSON** committed the offense charged in this count, **BRADLEY JUSTIN LAWSON** had a final conviction for a serious drug felony, namely, a conviction under 21 U.S.C. § 846, conspiracy to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

Before **AMY ELIZABETH JOHNSON** committed the offense charged in this count, **AMY ELIZABETH JOHNSON** had a final conviction for a serious drug felony, namely, a conviction under 21 U.S.C. § 846, conspiracy to manufacture a mixture or substance containing a detectable amount of methamphetamine, for which she served more than 12 months of imprisonment and for which she was released from serving any

term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

## COUNT 3
## 18 U.S.C. § 924(c)(1)(A)

On or about September 15, 2022, in Laurel County, in the Eastern District of Kentucky,

**BRADLEY JUSTIN LAWSON**

did knowingly possess a firearm in furtherance of a drug trafficking offense for which he may be prosecuted in a Court of the United States, as set forth in Count 2, that is, possession with the intent to distribute a mixture or substance containing a detectable amount of methamphetamine, all in violation of 18 U.S.C. § 924(c)(1)(A).

## COUNT 4
## 18 U.S.C. § 922(g)(1)

On or about September 15, 2022, in Laurel County, in the Eastern District of Kentucky,

**BRADLEY JUSTIN LAWSON**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit: a Glock, model 19 (Gen 4), 9mm pistol with serial number BDMR273, and the firearm was in and affecting commerce, all in violation of 18 U.S.C. § 922(g)(1).

## COUNT 5
## 21 U.S.C. § 841(a)(1)

On or about September 13, 2022, in Whitley County, in the Eastern District of

Kentucky,

### BRADLEY JUSTIN LAWSON

did knowingly and intentionally distribute 50 grams or more of a mixture or substance containing a detectible amount of methamphetamine, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

Before **BRADLEY JUSTIN LAWSON** committed the offense charged in this count, **BRADLEY JUSTIN LAWSON** had a final conviction for a serious drug felony, namely, a conviction under 21 U.S.C. § 846, conspiracy to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

### COUNT 6
### 21 U.S.C. § 841(a)(1)

On or about September 8, 2022, in Whitley County, in the Eastern District of Kentucky,

### BRADLEY JUSTIN LAWSON

did knowingly and intentionally distribute 50 grams or more of a mixture or substance containing a detectible amount of methamphetamine, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

Before **BRADLEY JUSTIN LAWSON** committed the offense charged in this count, **BRADLEY JUSTIN LAWSON** had a final conviction for a serious drug felony,

namely, a conviction under 21 U.S.C. § 846, conspiracy to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

### COUNT 7
### 21 U.S.C. § 841(a)(1)

On or about September 6, 2022, in Laurel County, in the Eastern District of Kentucky,

**JESSE WAYNE TAYLOR**

did knowingly and intentionally distribute 50 grams or more of a mixture or substance containing a detectible amount of methamphetamine, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

### COUNT 8
### 21 U.S.C. § 841(a)(1)

On or about August 5, 2022, in Whitley County, in the Eastern District of Kentucky,

**MICHAEL ANDREW NAKONECHNY**

did knowingly and intentionally possess with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

Before **MICHAEL ANDREW NAKONECHNY** committed the offense charged in this count, **MICHAEL ANDREW NAKONECHNY** had a final conviction for a serious drug felony, namely, a conviction under Kentucky Revised Statute § 218A.1432,

manufacturing methamphetamine, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

## COUNT 9
### 18 U.S.C. § 924(c)(1)(A)

On or about August 5, 2022, in Whitley County, in the Eastern District of Kentucky,

**MICHAEL ANDREW NAKONECHNY**

did knowingly possess a firearm in furtherance of a drug trafficking offense for which he may be prosecuted in a Court of the United States, as set forth in Count 8, that is, possession with the intent to distribute a mixture or substance containing a detectable amount of methamphetamine, all in violation of 18 U.S.C. § 924(c)(1)(A).

## COUNT 10
### 18 U.S.C. § 922(g)(1)

On or about August 5, 2022, in Whitley County, in the Eastern District of Kentucky,

**MICHAEL ANDREW NAKONECHNY**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit: a Mossberg, model MC1SC, 9mm pistol with serial number 048418CP, and the firearm was in and affecting commerce, all in violation of 18 U.S.C. § 922(g)(1).

## FORFEITURE ALLEGATIONS
## 21 U.S.C. § 853
## 18 U.S.C. § 924(d)(1)
## 28 U.S.C. § 2461

1. By virtue of the commission of the felony offenses alleged in Counts 1, 2, 5, 6, 7, and 8 of the Indictment, **BRADLEY JUSTIN LAWSON, AMY ELIZABETH JOHNSON, and MICHAEL ANDREW NAKONECHNY** shall forfeit to the United States any and all property used, or intending to be used, to commit and/or to facilitate the commission of the violations of 21 U.S.C. §§ 846 and 841 and any and all property constituting proceeds obtained directly or indirectly as a result of the commission of the violations of 21 U.S.C. §§ 846 and 841. Any and all interest that **BRADLEY JUSTIN LAWSON, AMY ELIZABETH JOHNSON, and MICHAEL ANDREW NAKONECHNY** have in this property is vested in and forfeited to the United States pursuant to 21 U.S.C. § 853.

2. By virtue of the commission of the offenses alleged in Counts 3, 4, 9, and 10 of the Indictment, **BRADLEY JUSTIN LAWSON and MICHAEL ANDREW NAKONECHNY** shall forfeit to the United States any and all firearms and ammunition involved in or used, or intending to be used, in the violation(s) of 18 U.S.C. §§ 922 and/or 924. Any and all interest that **BRADLEY JUSTIN LAWSON and MICHAEL ANDREW NAKONECHNY** have in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461.

3. The property to be forfeited includes, but is not limited to, the following:

**CURRENCY:**

$17,802 in United States currency seized from Bradley Justin Lawson and Amy Elizabeth Johnson on September 15, 2022.

**FIREARMS AND AMMUNITION:**

a. Glock, 9mm pistol, model 19 Gen 4, with serial number BDMR273, seized from Bradley Justin Lawson on September 15, 2022.
b. Mossberg, 9mm pistol, model MC1SC, with serial number 048418CP, seized from Michael Andrew Nakonechny on August 5, 2022.
c. Various rounds of ammunition.

4. If any of the property listed above, as a result of any act or omission of the Defendant(s), (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

A TRUE BILL

FOREPERSON

_____
**CARLTON S. SHIER, IV**
**UNITED STATES ATTORNEY**

# PENALTIES

## COUNTS 1, 2, 5, 6, 7, 8

Not more than 20 years imprisonment, not more than a $1,000,000 fine, and at least 3 years supervised release.

**If responsible for 50 grams or more of a mixture or substance containing methamphetamine:** Not less than 5 years and not more than 40 years of imprisonment, not more than a $5,000,000 fine, and at least 4 years supervised release.

> **If Prior Serious Drug Felony or Serious Violent Felony Conviction:** Not less than 10 years nor more than life imprisonment, not more than a $8,000,000 fine, and at least 8 years supervised release.

**If responsible for 500 grams or more of a mixture or substance containing methamphetamine:** Not less than 10 years nor more than life imprisonment, not more than a $10,000,000 fine, and at least 5 years supervised release.

> **If Prior Serious Drug Felony or Serious Violent Felony Conviction:** Not less than 15 years nor more than life imprisonment, not more than a $20,000,000 fine, and at least 10 years supervised release.

## COUNT 3 & 9

Not less than 5 years nor more than life imprisonment – to be served consecutive to any term of imprisonment imposed for any other offense – not more than a $250,000 fine, and not more than 5 years of supervised release.

## COUNTS 4 & 10

Not more than 15 years imprisonment, $250,000 fine, and 3 years supervised release.

> **If Armed Career Criminal:** Not less than 15 years imprisonment, not more than a $250,000 fine, and not more than 5 years of supervised release.

**PLUS:** Mandatory special assessment of $100 per count.

**PLUS:** Forfeiture of listed items.